904 F.2d 710
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Thomas T. BONESS, Plaintiff-Appellant,
v.
Robb CHEAL; Butte County Sheriff's Department; Butte
County Department of Health; Bureau of Land
Management; California State Department
of Fish & Game, Defendants-Appellees.
 No. 88-2662.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1990.*
Decided June 18, 1990.
 Before CHAMBERS, NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In a complaint filed in federal district court, Thomas T. Boness and others claimed that their alleged eviction from property in Hell Town, California violated their rights under 42 USC sections 1983 and 1985. The district court entered summary judgment as to all claims in favor of defendants Robb Cheal, the Butte County Sheriff's Department and the Butte County Department of Health.[1] The instant appeal followed.[2] We affirm the judgment of the district court.
 
 
 3
 * This court reviews an entry of summary judgment de novo. United Steel Workers v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.1989) (en banc).
 
 II
 
 4
 This appeal focuses on the ownership of a strip of land located in Hell Town, California. In the district court proceeding, appellant Boness argued unsuccessfully that he acquired the property via a quitclaim deed from one R.A. Beaver and a tax deed obtained from the State of California. On appeal, Boness abandons this argument and asserts instead that Butte County owns the land and that any attempt to deprive appellant of his right to reside on it must therefore be brought in Butte County Superior Court. This argument is without merit.
 
 
 5
 Our review of copies of the deeds filed with the Butte County Recorder's Office reveals that title to the property in question currently rests in appellee Robb Cheal. While Boness did in fact obtain a quitclaim deed from R.A. Beaver, Beaver's property interest had been previously extinguished by his default on a loan from Helltown Estates, Inc. securing his purchase of the land. A trustee subsequently foreclosed on the deed of trust and transferred legal title to four individuals whose interests were ultimately transferred to Cheal.
 
 
 6
 Appellant has submitted no documentation indicating that the county, rather than Cheal, has title to the property. Since Boness has failed to controvert effectively the chain of title issue, there is no necessity for a state court action to quiet title, as suggested by appellant. Moreover, since the property right which Boness asserts rests on his allegation of county ownership, we find that he has no constitutionally protected property interest subject to infringement by appellees. The district court was correct, therefore, in granting summary judgment on appellant's real property cause of action under 42 USC section 1983.[3] See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (to make out prima facie case under 42 USC section 1983, plaintiff must have been deprived of federal right).
 
 
 7
 Boness also claims that the removal of a padlock belonging to him by a Butte County deputy sheriff was a deprivation of property actionable under 42 USC section 1983. However, assuming arguendo that the sheriff acted illegally, this sort of random, unauthorized activity amounts to a section 1983 violation only where adequate post-deprivation procedures are unavailable. Hudson v. Palmer, 468 U.S. 517 (1984). Thus, since Boness had resort to small claims court to recover for the loss, the district court was correct in granting summary judgment.
 
 
 8
 Boness further contends that the failure of the Butte County Health Department to give him the requisite thirty days to remedy alleged violations of the county health code violated his fourteenth amendment rights to equal protection of the laws. He cites no authority for this position and does not indicate how the county's actions might rise to the level of an equal protection violation. Thus, the district court was correct in granting summary judgment.
 
 III
 
 9
 Appellant's notice of appeal lists the Bureau of Land Management of the U.S. Department of the Interior and the California Department of Fish & Game as defendants. Both parties were dismissed from the case prior to the lower court's ruling on the motion for summary judgment. As Boness offers no reason why this court should reverse the district court's dismissal of these defendants, we decline to do so.
 
 IV
 
 10
 We find that the district court was correct in granting summary judgment with respect to appellant's property, conspiracy[4] and equal protection claims under 42 USC section 1983. While appellant does not address the district court's rejection of either his fourteenth amendment deprivation of liberty claim or his 42 USC section 1985(3) claim, we find that summary judgment is likewise appropriate as to them. We also leave standing the district court's dismissal of defendants Bureau of Land Management and California Department of Fish & Game.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The complaint also named as defendants the Chico Municipal Court and various state and federal agencies, all of which were dismissed prior to the court's granting of summary judgment
 
 
 [2]
 The district court entered summary judgment against plaintiffs Thomas Boness, Jessica Boness, Joseph Ripplinger, John Francia and John Meade. All but Jessica Boness moved to proceed on appeal in forma pauperis. Although the motion was granted, only Thomas Boness has appealed the order of the district court
 
 
 [3]
 Because Boness does not refer to statutory provisions or language in his opening brief, it is sometimes difficult to determine which parts of the lower court order he is appealing. However, in light of the fact that he is not an attorney and is proceeding in pro per, we shall construe his papers liberally and assume that he is appealing the parts of the order which correspond to the arguments he is forwarding, i.e. property, conspiracy and equal protection claims under 42 USC Sec. 1983
 
 
 [4]
 Since appellant was not deprived of any federal right, his claim that appellees conspired to deprive him of his federal rights must necessarily fail